UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AHMED ALI NASSAR,

    Petitioner,

v.                                    Case No. 2:05-cv-80
                                        HON. R. ALLAN EDGAR

ROBIN BAKER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Ahmed Ali Nassar is a federal prisoner currently incarcerated in the Chippewa County Jail. Petitioner is in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (BICE). Petitioner has filed an application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking a release from custody.

        Petitioner is a native and citizen of Lebanon. Petitioner received his order of deportation in April of 2000, while he was incarcerated. Petitioner has been held in immigration detention since September 20, 2004, the date the Michigan Parole Board released him from incarceration by the Michigan Department of Corrections. Petitioner claims that there is no significant likelihood of removal in the reasonably foreseeable future.

        Respondent has filed a motion to dismiss for lack of jurisdiction (docket #7), Petitioner has filed a response (docket #10), and the matter is now ready for decision. After a review of the record, I am recommending that Respondent's motion to dismiss be denied.

        In the motion to dismiss, Respondent states that Petitioner has named an improper respondent to this habeas corpus petition as defined by *Rumsfeld v. Padilla*, 124 S. Ct. 2711 (2004).

Respondent argues that, as a result, the court lacks subject matter jurisdiction over the petition and/or Petitioner has failed to state a claim. Petitioner responds to the motion by conceding that he named the improper respondent, but that because he filed in the correct district, the court retains subject matter jurisdiction. Petitioner also seeks to amend his action in order to name the proper respondent, the Sheriff of Chippewa County.

The court notes that the case relied on by Respondent, *Rumsfeld v. Padilla*, __ U.S. __, 124 S. Ct. 2711 (2004), holds that "for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement." *Id.* at 2722-23. The Court dismissed the habeas petition in *Rumsfeld v. Padilla*, because the petitioner brought his habeas action in a district other than the district of confinement. *Id.* at 2727. The Court in *Rumsfeld v. Padilla* notes that this rule serves the important purpose of preventing forum shopping by habeas petitioners. *Id.* at 2725. Therefore, it appears that the pertinent question in this case is whether Petitioner brought his habeas corpus petition in the district in which he is confined. As noted above, Petitioner is confined at the Chippewa County Jail, which is located in the Western District of Michigan. Therefore, it appears that this court has jurisdiction over this habeas petition. Consequently, Respondent's motion to dismiss for lack of jurisdiction is properly denied.

In summary, the undersigned recommends that Respondent's motion to dismiss (docket #7) be denied, and that Petitioner's request to amend his petition to name the Sheriff of Chippewa County as Respondent be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

- 3 -

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

          /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 24, 2005